# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### December 4, 2020 Session

## STATE OF TENNESSEE v. TORIJON COPLIN

**Appeal from the Circuit Court for Madison County**
**No. 19-83     Roy B. Morgan, Jr., Judge**

_____

## No. W2019-01593-CCA-R3-CD

_____

J. ROSS DYER, J., concurring in part and dissenting in part.

While I agree with the majority's conclusion that the criminal responsibility instruction in the instant matter was deficient, I respectfully dissent from the majority's conclusion that the proof presented at trial is not sufficient to support a determination that the error was harmless beyond a reasonable doubt.

Initially, I note, the evidence is legally sufficient to sustain the defendant's conviction for tampering with evidence as a principle actor without the theory of criminal responsibility. The record indicates the tampering charge was based on the defendants' concealment of the firearms they used during the shooting. The victim testified both the defendant and the co-defendant fired multiple shots at him and his vehicle. After the victim returned fire and ran, the defendant briefly exited his vehicle before also fleeing the scene. The defendant drove to Ms. Sanders's home and went inside as a helicopter descended upon the scene and law enforcement began blocking off the area. The defendant remained in Ms. Sanders's home until he surrendered to law enforcement shortly after the shooting. All of these locations were within close proximity to one another in a residential neighborhood. The firearms used by the defendants were not recovered by law enforcement despite searching Ms. Sanders's home, the vehicles involved, and the surrounding area. Though the defendants' guns were not found, Co-defendant Manning testified that he fired a 9mm and that he emptied a fifteen-round clip. Co-defendant Manning also stated that the gun was not his. Rather, the gun was already in the defendant's vehicle when Co-defendant Manning got in the vehicle. The victim's gun was a .40 caliber Taurus with five live rounds remaining in the gun when the victim turned it over to police. The investigation and search of the crime scene produced well over twenty shell casings according to Crime Scene Officer Michael Thomas. Additionally, the

victim's car was riddled with bullet holes.  Finally, the security footage of the shooting corroborated the victim's story that the defendant did, in fact, exit his vehicle at one point during the altercation.  The jury clearly accredited the victim's testimony, which included the fact that the defendant fired numerous shots at the victim, along with the additional evidence presented by the State in reaching its verdicts.

The State was required to prove beyond a reasonable doubt that by concealing the firearm used during the shooting, the defendant intended to impair its availability as evidence in the police investigation or at trial.  As detailed above, the victim testified both the defendant and the co-defendant fired multiple shots at him, the co-defendant admitted to doing so, and the shooting is captured on video.  The record makes clear that neither the defendant's firearm nor the co-defendant's firearm were located after the shooting.  As a result, the firearms were not available as evidence during the investigation or at trial, and the defendant's actions in concealing the weapon patently impaired the availability of the weapon to be used as evidence.  Accordingly, the evidence presented was sufficient to support the defendant's conviction for tampering with evidence, and the defendant is not entitled to relief.

As for the defendant's claim that the criminal responsibility charge was deficient, I agree with the majority's conclusion.  While the record indicates that the trial court omitted the "natural and probable consequences" portion of the criminal responsibility instruction, the defendant has failed to demonstrate how the charge for tampering with evidence was an incidental crime rather than a target crime.  As explained in detail *supra*, the record details how the defendant was an active participant in the shooting.  After passing the victim on the street, the defendant followed behind the victim's vehicle.  The victim stated both the defendant and the co-defendant fired numerous shots at him when the two vehicles stopped.  The victim returned fire and fled the scene.  At various times during the shooting, the defendant and co-defendant exited their vehicle.  Both defendants fled to Ms. Sanders's home.  The defendant drove his vehicle while the co-defendant drove the victim's vehicle.  Numerous officers participated in the investigation of the defendant's crimes.  Officers obtained security footage which captured the shooting, seized the vehicles of both the defendant and the victim, sent a helicopter to search the area of the shooting, established a perimeter around the area, and searched Ms. Sanders's home where the defendants were found after the shooting.  It is undisputed the guns used by the defendants during the shooting were never located.

Relying on the above analysis, the record indicates that any error on the part of the trial court was harmless beyond a reasonable doubt as the record establishes that the defendant participated in the target crime of tampering with evidence.  Accordingly, regarding the trial court's omission, nothing in the record establishes that a clear and unequivocal rule of law was breached, that a substantial right of the accused was adversely

affected, or that consideration of the alleged error is necessary to do substantial justice. The defendant, therefore, cannot satisfy the criteria under the plain error doctrine. *State v. Martin*, 505 S.W.3d 492, 504 (Tenn. 2016); *State v. Hester*, 324 S.W.3d 1, 56 (Tenn. 2010). The defendant is not entitled to relief.


_____

J. ROSS DYER, JUDGE